IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-0053-D

| | |
|---|---|
| SELISHA RICHARDSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRINKER INTERNATIONAL, ET AL., )<br>)<br>Defendants )<br>_____ ) | **ORDER** |

This matter is before the undersigned upon a motion to compel discovery responses filed by Defendant, Brinker International. (DE 48).

The Federal Rules of Civil Procedure provide that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matters." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Rather, information is relevant and discoverable if it relates to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979); *Nemecek v. Bd. of Governors*, No. 2:98CV62BO, 2000 WL 33672978, at *4 (E.D.N.C. Sept. 27, 2000).

Additionally, "[l]itigants have an obligation to cooperate with respect to planning and

executing discovery or resolving discovery disputes." *Anderson v. Reliance Standard Life Ins. Co.*, No. WQD-11-1188, 2011 WL 4828891, *1 (D. Md. Oct. 11, 2011) (citing *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 357–58 (D. Md. 2008). The Federal Rules of Civil Procedure unambiguously require parties to conduct discovery in a cooperative fashion. Although the court is mindful of Plaintiff's pro se status, it does not excuse her from compliance with the requirements of the Federal Rules or orders of this court. *See Loftin v. Nationwide Mut. Ins. Co.*, No. 7:09–CV–118–F, 2010 WL 4117404, at *3 (E.D.N.C. Oct.18, 2010).

In the present motion to compel, Defendant contends that the Plaintiff has failed to sufficiently respond to discovery requests, despite being afforded additional time in which to do so, and has failed to respond to communications. Plaintiff has neither filed an opposition to the motion nor contested the allegations therein. A review of Defendant's discovery requests indicates that they are within the permissible scope of discovery. Therefore, Plaintiff shall serve her complete, supplemental responses to Defendants' interrogatories and requests for production of documents no later than January 17, 2014. To the extent that she maintains a privilege or an objection to the discovery sought, or does not have the information requested, she shall fully note so in her supplemental responses.

Plaintiff is reminded that she must comply with this Court's Orders, the Local Rules, and the Federal Rules of Civil Procedure and that a refusal to comply with this order may result in monetary sanctions as well as dismissal of this action with prejudice. Although pro se litigants are given liberal treatment by courts, the right to self-representation does not "exempt a party from compliance with relevant rules of procedural and substantive law." *Traquth v. Zuck*, 710 F.2d 90, 95 (2nd Cir.1983); *and see, Haines v. Kerner*, 404 U.S. 519 (1972).

2

SO ORDERED in Chambers at Raleigh, North Carolina on January 6, 2014.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE

3